# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

ANDRE THOMAS,

      *Defendant*.

Criminal Action No. 19-383 (TJK)

## MEMORANDUM ORDER

In March 2021, Defendant pleaded guilty to interference with interstate commerce by robbery (or Hobbs Act robbery), in violation of 18 U.S.C. § 1951, and using, carrying, possessing, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). ECF No. 50 at 1–2, 13; ECF No. 47. Then in August 2021, the Court sentenced Defendant to a total of 112 months' incarceration—28 months' incarceration for the Hobbs Act robbery to run consecutively with 84 months' incarceration for the § 924 offense. ECF No. 89 at 2. Defendant now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 104. The Government opposes that motion. ECF No. 108. As Defendant's § 2255 motion is untimely, the Court will deny it.

\* \* \*

Under certain, specified circumstances, § 2255 permits prisoners serving a federal-court-imposed sentence to move the sentencing court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The Court has no occasion to reach the merits of Defendant's § 2255 motion, however, because it is untimely.

"Section 2255 motions are . . . subject to a strict one-year time limitation." *United States*

*v. Tanguay*, No. 08-cr-271-5 (RCL), 2020 WL 2735589, at *2 (D.D.C. May 26, 2020).  That "limitation period run[s] from the latest of" four possible triggering events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Section 2255(f)'s second, third, and fourth triggering events do not apply here, and Defendant does not meaningfully argue otherwise.  *See, e.g.*, *Gewin v. Dodrill*, 779 F. Supp. 2d 27, 45 (D.D.C. 2011) (applying § 2255(f)(1) because "[the defendant] has never suggested—let alone provided any evidence in support of such a suggestion—that the limitations period should be determined according to one of the other triggering events specified in 28 U.S.C. § 2255(f)").

As to the second event, Defendant makes no contention that the Government acted unconstitutionally or unlawfully, impeding him from making his § 2255 motion.  Gesturing at the third event, Defendant points to *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Taylor*, 142 S. Ct. 2015 (2022), as "intervening changes in laws."  ECF No. 104 at 2.  But *Davis* was decided before Defendant was convicted in 2021, so it cannot be the "latest" triggering event under § 2255(f).  And *Taylor* held only that *attempted* Hobbs Act robbery does not qualify as a predicate "crime of violence" under § 924(c), to say nothing "about *completed* Hobbs Act robbery," on which Defendant's § 924(c)(1)(A)(ii) conviction was predicated.  *See* 142 S. Ct. at 2020; ECF No. 53 at 2; ECF No. 89 at 1; *see also, e.g.*, *United States v. McCoy*, 58 F.4th 72, 74 (2d Cir.

2

2023) ("[W]e see nothing in *Taylor*'s language or reasoning that undermines this Court's settled understanding that completed Hobbs Act robberies are categorically crimes of violence pursuant to section 924(c)(3)(A)."). Defendant therefore cannot—and does not—"assert[]" a "right" "newly recognized" by *Taylor* to trigger § 2255(f)(3). Defendant's only other contention, which sounds in the fourth event, is that he "did not possess the said firearm during the Hobbs [A]ct robbery." ECF No. 104 at 2; *see also* ECF No. 111 at 1 ("[Defendant] contends that he had no knowledge of said firearm."). But if true, Defendant would have known that fact when he pleaded guilty, if not earlier, so it is not a newly discovered fact that triggers § 2255(f)(4).

As none of the other § 2255(f) conditions apply, and "as in most cases, the operative date from which the limitation period is measured will be the one identified in § 2255(f)(1): 'the date on which the judgment of conviction becomes final.'" *United States v. Armstead*, No. 13-cr-329 (BAH), 2016 WL 10749633, at *2 (D.D.C. Nov. 2, 2016) (cleaned up) (quoting *Dodd v. United States*, 545 U.S. 353, 357 (2005)). Defendant did not appeal his judgment, so his "judgment becomes final upon the expiration of the period in which [he] could have appealed to the court of appeals." *United States v. Ingram*, 908 F. Supp. 2d 1, 4 (D.D.C. 2012) (quotation omitted). The Court entered Defendant's judgment of conviction on the docket on August 18, 2021. *See* ECF No. 89. His conviction therefore became final on September 1, 2021, when his time to appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i), (b)(6) (permitting an appeal in a criminal case within 14 days from "when [the judgment] is entered on the criminal docket"). Defendant then had one year—until September 1, 2022—to file a § 2255 motion. *See* 28 U.S.C. § 2255(f)(1). And because he is a pro se prisoner, any motion filed by Defendant is "considered filed when placed in the prison mailing system." *United States v. Mejia*, No. 10-cr-256-3 (RCL), 2023 WL 2297465, at *3 (D.D.C. Feb. 23, 2023) (citing *Blount v. United States*, 860 F.3d 732, 741 (D.C. Cir. 2017)). But

3

a pro se prisoner bears the burden of "proving his entitlement to benefit from the [prison-mailbox rule]." *See Grady v. United States*, 269 F.3d 913, 916–17 (8th Cir. 2001).[1]

Defendant makes no representations and provides no evidence to satisfy his burden to show that he timely placed his motion in the prison mailing system by September 1, 2022. *See Grady*, 269 F.3d at 916–17. Indeed, the circumstantial evidence that *does* exist strongly suggests otherwise. The Clerk of Court received Defendant's undated motion on December 16, 2022, over three months after the September 1 deadline. *See* ECF No. 104 at 1. And it is postmarked on December 13, 2022, just a few days before the Clerk received it. *See* ECF No. 104-1 at 1.[2] In reply, Defendant does not even argue that he filed his motion within § 2255(f)(1)'s one-year limitation period (or any other period). *See* ECF No. 111. Thus, Defendant's § 2255 motion is untimely.

\*   \*   \*

Accordingly, it is hereby **ORDERED** that Defendant's motion, ECF No. 104, is **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: June 28, 2023

---

[1] *See also, e.g.*, *United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019) ("[T]he burden is on the pro se prisoner to show when his pleading [a § 2255 motion] was tendered to prison officials for delivery to the court."); *United States v. Medina*, No. 09-20006, 2011 WL 6934111, at \*2 (D. Kan. Dec. 30, 2011) ("A pro se prisoner must attest that the petition was delivered in accordance with the prison mailbox rule and has the burden of proof on this issue.").

[2] The stamp on the envelope received by the Clerk might reflect the date on which Defendant provided the motion to prison officials for mailing, but any date on it is unreadable. *See* ECF No. 104-1 at 1.